11-580-cv
Cardo v. Arlington Cent. School Dist.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of March, two thousand twelve.

PRESENT:

        JOHN M. WALKER, Jr.,
        GERARD E. LYNCH,
        CHRISTOPHER F. DRONEY,
            *Circuit Judges*.

———————————————————————

Michael Cardo,

    *Plaintiff-Appellant*,

        v.                        11-580-cv

Arlington Central School District, *et al.*,

    *Defendants-Appellees*.

———————————————————————

FOR APPELLANT:        Michael Cardo, *pro se*, Yorktown Heights, New York

FOR APPELLEES:        Lewis R. Silverman, Rutherford & Christie, LLP, New York, N.Y.

Appeal from a judgment of the United States District Court for the Southern District of New York (Jed S. Rakoff, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Michael Cardo, proceeding *pro se*, appeals from the district court's grant of summary judgment for defendants in his action alleging discrimination on the basis of age and disability, and defamation under state law. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party. *See Tenenbaum v. Williams*, 193 F.3d 581, 593 (2d Cir. 1999). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a), *i.e.*, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Although the evidence is viewed in favor of the non-moving party, the "'mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.'" *Jeffreys v. City of New York*, 426 F.3d 549, 553-54 (2d Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Having conducted an independent and *de novo* review of the record in light of these principles, we affirm the district court's judgment.

In order to establish a claim under the Age Discrimination in Employment Act ("ADEA"), a plaintiff must prove by a preponderance of the evidence that age was the "but-for" cause of the challenged adverse employment action. *Gross v. FBL Fin. Servs., Inc.*, 129 S. Ct. 2343, 2352 (2009). ADEA claims are analyzed under the burden-shifting framework set forth in

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Gorzynski v. Jetblue Airways Corp.*, 596 F.3d 93, 106 (2d Cir. 2010). Assuming that Cardo established a *prima facie* case of discrimination under the ADEA, the defendants stated a legitimate, non-discriminatory reason for his failure to be appointed head coach and/or his termination, namely, that he could not work effectively with other coaches. The burden therefore shifted back to Cardo to establish by a preponderance of the evidence that the asserted reasons were pretextual and that his age was the "but-for cause" of his termination. *See Gross*, 129 S. Ct. at 2352.

With respect to the failure of the Arlington County School District ("District") to appoint him head coach, Cardo presents no evidence that the District's stated reasons for declining to appoint him were pretextual. While Cardo disputes the specifics of some of the incidents cited by defendants, he does not deny that these incidents occurred, and offers no evidence that the District did not in good faith conclude that he had difficulties getting along with others. Moreover, in suggesting that he was denied appointment because of his age, he ignores the fact that he was over 70 years old when he was first hired as a paid coach by the same officials he alleges held his age against him a few years later.

With respect to his termination, even taking Cardo's assertion that he was terminated for the reasons stated in Baker's letter as true, there is still insufficient evidence to conclude that his age was the "but-for cause" of his termination. While Baker's letter referred to Cardo's alleged fragility and inability to move quickly, the bulk of the letter emphasized Cardo's lack of "professionalism" as an assistant coach. Additionally, the letter stated that Cardo had undermined Baker's authority as head coach. While the letter did suggest that Cardo was not physically able to perform the duties of an assistant wrestling coach, the letter asserted inability to perform based on specific cited incidents, and did not reference Cardo's age or infer

3

incapacity from age. Moreover, Cardo admitted that District officials had never made any comments or criticisms with respect to his age prior to his termination. Accordingly, Cardo did not adduce sufficient evidence to show by a preponderance of the evidence that the reasons given for his firing were pretextual or that his age was the "but-for cause" of his termination. *See Jeffreys*, 426 F.3d at 554 (noting that the "mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient" to survive summary judgment (internal quotation marks omitted)).

With regard to Cardo's Americans with Disabilities Act ("ADA") claim based on a perceived disability, the district court properly granted summary judgment in favor of the defendants for the reasons stated in its order. As the district court noted, nothing in Baker's letter identified a condition that, as a matter of law, constituted a substantial limitation of a major life activity under the ADA. Baker's suggestion that Cardo lacked the physical strength and agility necessary to safely demonstrate wrestling techniques was insufficient to establish that Cardo was considered substantially limited in the major life activity of "working." At most, Baker's letter suggests that Cardo was regarded as incapable of performing his particular, physically demanding job. *See Murphy v. United Parcel Serv., Inc.*, 527 U.S. 516, 525 (1999) ("[T]he undisputed record evidence demonstrates that petitioner is, at most, regarded as unable to perform only a particular job. This is insufficient, as a matter of law, to prove that petitioner is regarded as substantially limited in the major life activity of working."). Accordingly, even assuming that Cardo's termination was based on the statements contained in Baker's letter, the district court correctly concluded that Cardo did not adduce sufficient evidence by which the court could infer that the District regarded Cardo as having a qualifying disability under the ADA.

4

Finally, we affirm the district court's grant of summary judgment for the defendants on Cardo's state law defamation claim. As the district court noted, New York law required Cardo to file a timely notice of claim with the District in order to pursue this claim. *See* N.Y. Educ. Law § 3813(2). Cardo argues on appeal that he was not required to give the District notice of his claim because Baker was not acting within the scope of his employment when he made the allegedly defamatory statements. This argument is without merit because Baker's letter was written in his capacity as the head wrestling coach regarding his concerns about the performance of one of his subordinates.

We have considered all of Cardo's arguments and found them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk